```
          IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
JAY M. ZIMMERMAN,               *

     Plaintiff,                 *
v.                                    CIVIL NO.: WDQ-05CV-2174
                                *
TED SUTTON, d/b/a Inventory
Professionals, et al.,          *

     Defendants.                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

Jay Zimmerman ("Zimmerman") sued Defendants Ted Sutton ("Sutton") and Nancy Grandfield ("Grandfield"), owners of Inventory Professionals, for damages under the Employee Retirement Income Security Program ("ERISA").[1] Pending is Defendants' motion to dismiss the Complaint. For the following reasons the motion to dismiss will be granted.

I. Background

Zimmerman started working for Inventory Professionals in 1997. Compl. at ¶ 4. Zimmerman inquired about the availability and amount of disability insurance through Inventory Professionals. *Id*. at ¶ 5. Sutton informed Zimmerman that he was covered by a disability policy that would pay 60-65% of his salary in the event of a covered disability. *Id.* In October

---

[1] *See* 29 U.S.C. § 1132, et seq. (2005).

1

2004, Zimmerman informed Sutton that he would be undergoing shoulder surgery.  *Id*. at ¶ 7.  Zimmerman and Sutton discussed the disability policy again and Sutton assured Zimmerman that the policy would pay 60-65% of his salary in the event of a covered disability.  *Id*.

Before Zimmerman's surgery, Sutton provided Zimmerman with an application for benefits, which Zimmerman completed.  *Id*. at ¶ 8.  On December 29, 2004, Zimmerman underwent shoulder surgery, which rendered him unable to work until July 5, 2005.  *Id*. at ¶ 9.  During this time Zimmerman was eligible for disability benefits.  *Id*.

Zimmerman's monthly salary was $3,700 of which 60% would be $2,220.  *Id*. at ¶ 10.  Upon receipt of his first disability check in the amount of $200, Zimmerman contacted Sutton about the discrepancy in the benefit amount.  *Id*. at ¶ 11.  Sutton told Zimmerman that the "$200 amount did not appear to be correct" and instructed Zimmerman to contact the disability plan administrator.  *Id*.  Zimmerman learned through correspondence with the plan administrator that $200 per week was the only available benefit, resulting in $1,420 less per month than the amount assured by Sutton.  *Id*. at ¶ 12.

Zimmerman alleges that Sutton negligently misrepresented the benefits available under the disability plan and Sutton knew that Zimmerman would rely on those misrepresentations.  Zimmerman

seeks damages in the amount of $8,520.

II. Analysis

A. Defendants' Motions to Dismiss

Under Rule 12(b)(6), a motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Mylan Laboratories, Inc. v. Raj Matkari, et. al.*, 7 F.3d 1130, 1134 (4th Cir. 1993). All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan*, 7 F.3d at 1134.

In deciding a Rule 12(b)(6) motion, the Court will consider the facts stated in the complaint and any attached documents. *Biospherics, Inc., v. Forbes, Inc.*, 989 F. Supp. 748, 749 (D. Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998)). The Court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action. *Id*.

1. ERISA Preempts Common Law Claims

It is undisputed that the disability plan offered by Inventory Professionals is a qualified ERISA plan. *See* 29 U.S.C. § 1002(1). Common law claims are completely preempted if the

claims fall within the scope of ERISA's civil enforcement provisions. *Miller v. U.S. Foodservice, Inc.*, 323 F. Supp. 2d 665, 667 (D. Md. 2004); 29 U.S.C. § 1132(a). Courts have consistently held that claims based upon oral promises regarding plan benefits are subject to ERISA preemption. *Id.* (*citing Chapman v. Health Works Med Group of W. Va., Inc.*, 170 F. Supp. 2d 635 (N.D. W. Va. 2001); *Smith v. Dunham-Bush, Inc.*, 959 F.2d 6 (2d Cir. 1992); *Lister v. Stark*, 890 F.2d 941 (7th Cir. 1989); *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290 (5th Cir. 1989); *Anderson v. John Morrell & Co.*, 830 F.2d 872 (8th Cir. 1987); *Jackson v. Martin Marietta Corp.*, 805 F.2d 1498 (11th Cir. 1986)). *See also Warren v. Blue Cross and Blue Shield of South Carolina*, No. 97-1374, 1997 U.S. App. Lexis 31793, at *8-10 (4th Cir. Nov. 12, 1997)(upholding preemption of claim based on employer's representation of benefits to employee based upon *Smith v. Dunham-Bush* and *Lister v. Stark* cases).

Zimmerman's claims of negligent misrepresentation and promissory estoppel fail because they are preempted by ERISA. *Griggs v. E.I. DuPont de Nemours & Co.*, 237 F.3d 371, 378 (4th Cir. 2001)(ERISA preempts claim of negligent misrepresentation); *Pizlo v. Bethlehem Steel Corp.*, 884 F.2d 116, 120 (4th Cir. 1989)(ERISA preempts promissory estoppel claims).

CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss will be granted.

December 14, 2005                              /s/
                                         William D. Quarles, Jr.
                                         United States District Judge